ANNA SEMANISHIN, PLAINTIFF-RESPONDENT, v. METRO-POLITAN LIFE INSURANCE COMPANY, A CORPORA-TION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.

JOZEFINA NIZNANSKA, ALSO KNOWN AS JOZEFINA NIZ-NANSKY, PLAINTIFF-RESPONDENT, v. METROPOLI-TAN LIFE INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPEL-LANT.

IREN KAZAMER, ALSO KNOWN AS IRENE KASAMER, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE IN-SURANCE COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.

ARISTOULA PAPPAGIANIS, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A COR-PORATION OF THE STATE OF NEW YORK, DEFEND-ANT-APPELLANT.

Argued January 25, 1966—Decided April 4, 1966.

*Mr. Joseph W. Tumulty* argued the cause for the defendant-appellant (*Messrs. Nugent, Russo & Tumulty,* attorneys).

*Mr. Jesse Moskowitz* argued the cause for the plaintiffs-respondents.

The opinion of the court was delivered

PER CURIAM.  Four residents of European countries instituted actions in the Law Division of the Superior Court, Hudson County, against the defendant, Metropolitan Life Insurance Company, a corporation of the State of New York, to collect proceeds allegedly payable to them as beneficiaries of life insurance policies issued by the defendant.  The defendant moved to dismiss each action on the ground that a New Jersey court would be neither a proper nor convenient forum for the trials.  After being consolidated these motions were

denied by the trial court. The Appellate Division granted the defendant leave to appeal and while the appeal was pending we certified it on our own motion.

Each of the four policies was issued by the defendant in the State of New York. The insureds were all residents of that state when they took out the policies and when they died. None of the plaintiff beneficiaries are residents or citizens of the United States. Plaintiffs Anna Semanishin and Jozefina Niznanska live in Czechoslovakia; plaintiff Irene Kazamer lives in Hungary; and plaintiff Aristoula Pappagianis lives in Albania. Each plaintiff appointed the New York City law firm of Wolf, Popper, Ross, Wolf and Jones as her attorney in fact, and it was this firm which retained the New Jersey lawyer who instituted the present actions.

The main office of the defendant is in New York City where all the records pertaining to the four policies are maintained. Defendant is licensed to do business in New Jersey by the Department of Banking and Insurance, and service of process in each case was made through the Department pursuant to *N. J. S. A.* 17:32–2(c).

Under the doctrine of *forum non conveniens* a court may decline jurisdiction whenever the ends of justice indicate that trial in the forum selected by a plaintiff would be inappropriate. See *Starr v. Berry,* 25 *N. J.* 573 (1958) ; *Vargas v. A. H. Bull Steamship Co.,* 25 *N. J.* 293, *cert.* denied 355 *U. S.* 958, 78 *S. Ct.* 545, 2 *L. Ed.* 2d 534 (1958) ; *Gore v. United States Steel Corp.,* 15 *N. J.* 301 (1954). Although the doctrine is frequently invoked to protect the private interests of the litigants (taking into consideration such factors as the availability of witnesses, the ease of access to other sources of proof, etc.), see *e. g., Gore v. United States Steel Corp., supra,* the doctrine should also be applied to protect the citizens of a state from the unjustifiable burden imposed upon them when controversies having no connection with the state are allowed to proceed to trial. Paxton Blair in his classic exposition of the doctrine of *forum non conveniens* has said: "Calendars become congested, and local taxpayers suffer unjustly from

the burden of contributing to the expense of trying imported controversies." Blair, "The Doctrine of Forum Non Conveniens," 29 *Colum. L. Rev.* 1, 34 (1929). In *Gore, supra,* at *pp.* 306–307, this court quoted approvingly from Justice Jackson's opinion in *Gulf Oil Corp. v. Gilbert,* 330 *U. S.* 501, 67 *S. Ct.* 839, 91 *L. Ed.* 1055 (1947):

> "Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that *ought not to be imposed upon the people of a commu-nity* which has no relation to the litigation. \* \* \* There is a local interest in having localized controversies decided at home." 330 *U. S.,* at *pp.* 508–509, 67 *S. Ct.,* at *p.* 843, 91 *L. Ed.,* at *pp.* 1062–1063.

See also *Douglas v. New York, N. H. & H. R. Co.,* 279 *U. S.* 377, 387, 49 *S. Ct.* 355, 73 *L. Ed.* 747, 752 (1929); *Disconto Gesellschaft v. Umbreit,* 127 *Wis.* 651, 662, 106 *N. W.* 821, 823–824, 15 *L. R. A., N. S.,* 1045 (*Sup. Ct.* 1906), aff'd 208 *U. S.* 570, 28 *S. Ct.* 337, 52 *L. Ed.* 625 (1907); *Heine v. New York Life Ins. Co.,* 50 *F. 2d* 382, 387 (9 *Cir.* 1931); *Sielcken v. Sorenson,* 111 *N. J. Eq.* 44, 47–48 (*Ch.* 1932); *Anderson v. D. L. & W. R. R. Co.,* 18 *N. J. Misc.* 153, 164, 11 *A. 2d* 607 (*Cir. Ct.* 1940); *Hoes v. New York, N. H. & H. R. Co.,* 173 *N. Y.* 435, 441, 66 *N. E.* 119, 120–121 (*Ct. App.* 1903); Comment, 29 *U. Chi. L. Rev.* 740 (1962).

█ In the present case the contracts of insurance were not made in New Jersey; none of the insureds either lived or died in New Jersey; none of the plaintiff beneficiaries are citizens or residents of New Jersey; the law firm acting as the plaintiff beneficiaries' attorney in fact is not situated in New Jersey; and the defendant insurer is not a New Jersey corporation. This litigation's only connection with this State arises because Metropolitan is licensed to do business here and can be served with process. Plaintiffs have not suggested that the relief available in the courts of New York would be any less complete than that available in our courts, and defendant has agreed at oral argument to waive any defense based on the statute of limitations if the plaintiffs institute suits in that

state. In light of these circumstances it would be unfair to the citizens of New Jersey to burden our courts with this imported litigation, and we accordingly hold that the actions against the defendant should be dismissed without costs in the trial court.

Reversed. No costs in this court.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.