Robert S. **SOLOMON**, Individually and as Executor of the Estate of Paul Fish, Deceased, et al., Petitioners,

v.

**CONTINENTAL AMERICAN LIFE IN-SURANCE COMPANY** et al., Respondents, and Honorable James A. Coolahan, United States District Judge, District of New Jersey, Nominal Respondent.

No. 72–1826.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 27, 1972.

Decided Jan. 23, 1973.

**1044**

Robert S. Solomon, Kirsten, Solomon & Friedman, Newark, N. J., for petitioners.

William T. Sutphin, Stryker, Tams & Dill, Andrew T. Berry, McCarter & English, and David R. Gross, Budd, Larner, Kent, Gross & Picillo, Newark, N. J., for respondents.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The petitioners, plaintiffs in the district court, seek a writ of mandamus or prohibition directing that the district judge vacate an order dated August 30, 1972, transferring the action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Middle District of North Carolina. Alternatively, petitioners request that the writ direct the district judge to amend the transfer order so as to condition transfer upon payment by the defendants, in advance of trial and regardless of outcome, of the anticipated costs, traveling expenses, and counsel fees incurred by petitioners by reason of the trial of the action in North Carolina. The order complained of, entered on the transfer motion of several defendants, provided:

> "ORDERED that this action be and the same hereby is transferred to the United States District Court for the Middle District of North Carolina, and

> IT IS FURTHER ORDERED that the reasonable costs and travelling expenses (not including counsel fees) incurred by the plaintiffs . . . by reason of their appearance at the trial of this action in the Middle District of North Carolina shall abide the outcome of this action."

Both the petitioners and the defendants below, the actual respondents here, construe the second paragraph of the order as imposing the condition upon the transfer of venue that if the plaintiffs prevail at trial they shall have the right to recover their traveling and lodging expenses, even though as parties they would not ordinarily be entitled to the award of such expenses as costs. See 28 U.S.C. § 1920; 6 J. Moore, Federal Practice ¶ 54.77 [5.-1], at 1732 (2d ed. 1972). The defendant-respondents concede that such a condition was a matter within the discretion of the district court. Petitioners contend that the first

paragraph, ordering transfer, was an abuse of discretion, and that even if the transfer order was a proper exercise of the district court's discretion, the second paragraph did not go far enough in imposing conditions.

 The defendant-respondents contend that under our decision in All States Freight v. Modarelli, 196 F.2d 1010 (3d Cir. 1952), the petition should be dismissed so long as the record discloses that the court in some manner considered the criteria for transfer relevant under § 1404(a). The petitioners contend that the restrictive view of our mandamus power expressed in *All States Freight* was put in doubt by Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) and was in effect overruled by Shutte v. Armco Steel Corporation, 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Neither of these somewhat polar statements of position accurately reflect the state of the law governing review by mandamus, in this circuit, of a § 1404(a) transfer order. The parties' polarity results from a failure to distinguish between the two separate requirements for transfer set forth in that statute. The transfer may be ordered (1) "[f]or the convenience of parties and witnesses, in the interest of justice," but only (2) "to any other district or division where it might have been brought." In making determination (1) the district court is vested with a large discretion. In making determination (2) the district court has a much narrower discretion, if indeed any exists. By making it explicit in § 1404(a) that the transfer could only be made to a district or division where the action could have been brought, Congress made clear its intention not to confer on the transferor district court a power to enlarge the statutory federal jurisdiction of the transferee district or to disregard other statutory venue requirements. *See* Van Dusen v. Barrack, *supra,* 376 U.S. at 616 et seq., 84 S.Ct. 805. All States Freight v. Modarelli, *supra,* did

not involve an issue as to whether the action could have been brought in the transferee district. It involved only whether the transfer was "[f]or the convenience of parties and witnesses, in the interest of justice." We held that the exercise of the district court's discretion in that respect would rarely if ever be disturbed on a petition for mandamus. In Swindell-Dressler Corporation v. Dumbauld, 308 F.2d 267 (3d Cir. 1962), we made clear that rarely if ever did not mean never, that the party opposing transfer was, at a minimum, entitled to notice and an opportunity to be heard, and a failure to afford such an opportunity would be remedied by mandamus. *Swindell-Dressler* does not hold that we will control the exercise of the district court's discretion by mandamus. It holds only that when the district court has acted without following appropriate procedural safeguards, we will by the writ confine it in exercising that discretion to the narrow path of due process. In Shutte v. Armco Steel Corporation, *supra,* we did on a petition for mandamus review and disapprove of a § 1404 (a) order. It is true that in part IV of that opinion, 431 F.2d at 25, the convenience of parties and witnesses and the interest of justice is discussed. But the holding of the case, we think, is reflected in parts II and III, 431 F.2d at 23–25. The court held that the transferee district was not one where, as to all the defendants, the action could have been brought. This being the case, the district court did not have the power under § 1404(a) to order a transfer, and mandamus was obviously proper. We do not consider Shutte v. Armco Steel Corporation, *supra,* as having made any change in the basic principle governing the exercise by appellate courts of their jurisdiction under the All Writs statute, 28 U.S.C. § 1651, that the extraordinary writs will issue only where the trial court exceeded its authority or acted outside its jurisdiction. *See, e.g.,* Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 245, 84 S.Ct. 769, 11 L.Ed.2d

674 (1964); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S. Ct. 145, 98 L.Ed. 106 (1953); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 878 L.Ed. 1185 (1943).

The instant petition does not fall within the holding in Shutte v. Armco Steel Corporation, *supra.* It is undisputed that each of the defendant corporations is licensed to do business or is doing business in the transferee district; and that the action might have been brought there. Nor does the petition fall within Swindell-Dressler Corporation v. Dumbauld, *supra,* for here the district court proceeded after appropriate notice, and the petitioners opposing transfer had the opportunity to file opposing affidavits. The sole question, then, is whether the district court exceeded its authority or acted outside its jurisdiction ordering the transfer "[f]or the convenience of parties and witnesses, in the interest of justice."

■ Conceivably we could put a gloss upon the concept of lack of authority or lack of jurisdiction so that interlocutory review of § 1404(a) orders would be more easily available. For example, one can conceive of a case in which nothing in the record indicates that the transferee district will be convenient to anyone. But this case does not suggest any new ventures into mandamus jurisprudence. In the exercise of its authority to transfer "[f]or the convenience of parties and witnesses, in the interest of justice" a district court under § 1404(a) has a broader discretion than under the formerly applicable doctrine of *forum non conveniens.* Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). With that in mind, under any standard of review which we might want to invent, the writ would not in this case issue. We refer to the facts at this point only as indicating that the transfer order falls well within any conceivable standard for review on a mandamus petition of a § 1404(a) order.

The complaint, filed orginally in the Superior Court of New Jersey, Law Division, Essex County, seeks recovery against five different life or accident insurance companies on ten insurance policies issued on the life of the decedent insured Paul Fish. At issue is not the face amount of any life policy, but the provisions of the several policies providing for double indemnity benefits or for accidental death benefits, if the decedent died as a result of external accidental means. The defendant insurers removed to the district court because of diversity of citizenship.[1] After removal, each defendant answered, putting in issue the plaintiffs' accidental death contention and asserting that the death occurred because of disease or bodily infirmity. The decedent insured was until his death a resident of Sparta, North Carolina, in the Middle District of North Carolina. On August 16, 1971, at Sparta, North Carolina, while in his car, he died. The plaintiffs contend his death was the result of an automobile accident. The defendants contend that when he entered the car he suffered an acute myocardial infarction with cardiac arrest, which caused his death. There are five plaintiffs. Four are beneficiaries named on one or more of the insurance policies. A fifth, Solomon, is the executor of the estate of the decedent under an appointment by the General Court of Justice, Superior Court Division, 21st Judicial District, Forsyth County, North Carolina, which is within the Middle District of North Carolina. Solomon is a New Jersey resident, a member of the New Jersey bar, and the attorney for the plaintiffs. Two of the four remaining plaintiffs are New Jersey residents. One is a resident of California. One is a resident of the Middle District of North Carolina.

1. Probably no substantial advantage with respect to retention of the suit in New Jersey occurred by virtue of the removal, since the New Jersey state courts enforce a strong *forum non conveniens* policy. See, e. g. Semanishin v. Metropolitan Life Ins. Co., 46 N.J. 531, 218 A. 2d 401 (1966); Gore v. United States Steel Corp., 15 N.J. 301, 104 A.2d 670 (1954).

In support of the § 1404(a) motion the defendants filed affidavits which establish:

(1) that a medical doctor who treated the decedent prior to his death and who signed the death certificate giving the immediate cause of death as acute myocardial infarction, resided in Sparta, North Carolina;

(2) that another medical doctor who treated the decedent prior to his death for hypertension resided in Winston-Salem, North Carolina;

(3) that the decedent had been treated at the Baptist Hospital, Winston-Salem, North Carolina, for hypertension and angina, and that the Medical Records Librarian of the Baptist Hospital had custody of the records showing such treatment;

(4) that the state trooper who investigated the circumstances of decedent's death and made a report resided in Winston-Salem, North Carolina;

(5) that the person who removed decedent's body from his car lived in Sparta, North Carolina;

(6) that the two people who were with decedent up to moments before his death, and who had served as his housekeepers, lived in Sparta, North Carolina.

The defendants' affidavits also established the obvious fact that the situs of the alleged accident was Sparta, North Carolina.

In opposition the plaintiffs filed affidavits which established

(1) That Dr. Meyer A. Fish, one of the plaintiffs, a brother of the decedent, and a New Jersey resident, spent two or three weeks in July and August, 1971, in North Carolina with decedent and would testify as to decedent's activities and health in this period, and that Dr. Fish was recuperating from surgery;

(2) that Elizabeth F. Solomon, one of the plaintiffs, and a New Jersey resident, would testify about phone conversations with the decedent at times prior to his death, and that she saw decedent over the past few years when he was in New Jersey, and that for her to travel to North Carolina would impose a financial hardship since she lives on interest from savings;

(3) that attorney Solomon would have to testify at the trial since he viewed the scene of the accident before the automobile was removed therefrom, and that it would be a hardship on him to attend the trial in North Carolina, leaving his practice in New Jersey.

██ Weighing in favor of transfer is the amenability of at least seven crucial witnesses to compulsory process in North Carolina and not in New Jersey. Rule 45(e)(1), Fed.R.Civ.P. The plaintiffs' witnesses all are parties. The situs of the accident, if it was an accident, is North Carolina, and a viewing of the situs by the trier of fact may be appropriate. *See, e.g.,* Breindel v. Levitt and Sons, Inc., 294 F.Supp. 42, 44 (E.D.N.Y.1968). The New Jersey district court had 353 pending cases per judge at the end of the fiscal year 1972, while the Middle District of North Carolina had 177. Administrative Office of the United States Courts, Management Statistics for the United States Courts (November 1972). *See, e.g.,* A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 445 (2d Cir. 1966). The convenience of counsel is not a factor to be considered. *E.g.,* Chicago, Rock Island and Pacific R. R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). Weighing against transfer is the New Jersey residence of three plaintiffs. Without speculating as to our reaction to an order denying a transfer motion, by no discernible standard could we hold that its grant in these circumstances was such an abuse of discretion as to be beyond the district court's authority or outside its jurisdiction.

██ We reject, as well, petitioners' contention that the district court abused

its discretion with respect to that part of the order governing their traveling expenses. The order of which they complain goes further than the court could go in awarding costs to a successful party pursuant to 28 U.S.C. § 1920(3), since it permits witness fees for such parties. *See, e.g.,* Picking v. Pennsylvania R. R. Co., 11 F.R.D. 71, 72 (M.D. Pa.1951), appeal dismissed, 201 F.2d 672 (3d Cir.), cert. denied, 345 U.S. 1000, 73 S.Ct. 1144, 97 L.Ed. 1406 (1953). In exercising its discretionary transfer power under 28 U.S.C. § 1404(a) the district court may condition transfer upon appropriate safeguards in the interests of justice. It acted within its authority and jurisdiction here, and mandamus will not lie.

Since it is likely that unsuccessful proponents or opponents of § 1404(a) motions will continue to petition for mandamus relief, we suggest to counsel and to the district courts that it would be helpful to us if each transfer order set forth the factors upon which the court relied in deciding the motion. Here we could find the reasons in the record, but our task would have been easier had the order contained such findings.

The petition for mandamus will be denied.