717 A.2d 1002 (1997)
Daniel J. MANDELL, on Behalf of Himself and all Other Similarly Situated, Plaintiff,
v.
BELL ATLANTIC NYNEX MOBILE, Defendant.
Superior Court of New Jersey, Law Division, Somerset County.
Decided March 27, 1997.
*1004 Robert J. Berg, Newark, for plaintiff (Goldstein, Till & Lite, attorneys).
Stephen M. Offen, Somerville, for defendant (Schacter, Trombadore, Offen, Stanton & Pavics, attorneys).
*1003 HOENS, J.S.C.
Before the court is the motion of defendant Bell Atlantic (Bell) to dismiss the complaint on grounds of forum non conveniens or, in the alternative, for dismissal or stay pursuant to the doctrine of primary jurisdiction. We deal with these issues at some length in light of the parties' suggestion that this is a case of first impression in New Jersey.
Plaintiff Mandell, who sues individually and on behalf of a proposed class of individuals similarly situated, is a resident of North Carolina who subscribes to Bell's interstate cellular telephone services. The essence of the complaint is that Bell failed to disclose to him and, by extension to the other members of the class, its practice of "rounding up" telephone charges to the next highest full minute for billing purposes. In support of his claim, he identifies a standard form contract which he signed and which he contends does not make a disclosure of this billing practice. Bell, in support of its motion, contends that the provision Mandell complains of has never been included in any contract executed or used in New Jersey and produced as a part of the record before this court on this motion a copy of the standard form contract used here which in fact fully discloses the rounding up practice.
In light of this, Bell contends that there are and there can be no class members or other affected plaintiffs residing here in New Jersey and that as a result, the doctrine of forum non conveniens dictates that the matter not proceed to discovery or trial here in this state. In the alternative, Bell contends that the regulation of billing practices in the highly regulated telephone industry is strictly within the purview of the Federal Communications Commission (FCC) such that under the doctrine of primary jurisdiction, this court should await the outcome of any proceedings in that forum which has special expertise to decide the issue plaintiff seeks to raise here. In reply, plaintiff contends that, regarding the doctrine of forum non conveniens, his choice of a forum is entitled to substantial deference and cannot be disturbed absent a showing that the choice of New Jersey as the forum is "demonstrably inappropriate". In the alternative, plaintiff contends that the doctrine of primary jurisdiction can only be invoked upon a specific showing which he contends is lacking in this case. Therefore, plaintiff argues that the motion to dismiss, or in the alternative to stay, should be denied in its entirety.
The dispute here is unusual, because in general it is defendant which has limited contacts with the forum and which as a result is resisting being required to conduct discovery and present a defense here, arguing that the forum chosen by plaintiff is inappropriate on those grounds. Here, there is no question but that this court has jurisdiction over defendant and that conducting discovery here would not be especially burdensome to it. Bell's argument, rather, is that given that neither the named plaintiff nor any member of the proposed class of plaintiffs reside here, plaintiff's choice of forum is to be accorded far less deference. Moreover, defendant's argument is that given that no right of any citizen of our State can possibly be affected by this litigation, and that there is absolutely no factual nexus between this State and the claims in this litigation, regardless of the level of deference accorded to plaintiff, permitting the case to proceed here is inappropriate. It points to cases in which it contends the Appellate Division dismissed class action complaints on similar grounds. See Feldman v. Bates Mfg. Co., 143 N.J.Super. 84, 362 A.2d 1177 (App.Div.1976), and to other cases in which the court dismissed the complaint for insufficient nexus to the form. See Mowrey v. Duriron, 260 N.J.Super. 402, 616 A.2d 1300 (App.Div.1992); Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973). On this threshold issue, plaintiff disputes the application of those decisions here, pointing out that in Feldman, defendant was a Delaware corporation, thus lacking *1005 the nexus over defendant demonstrated in this case, and arguing in conclusion that his choice of forum should prevail in this case.
While each side to this dispute cites numerous decisions of the courts of New Jersey and elsewhere in support of the arguments they raise, the issue squarely presented here has not previously been decided in this state. The seminal decision in New Jersey regarding forum non conveniens is the Appellate Division's opinion in D'Agostino v. Johnson & Johnson, 225 N.J.Super. 250, 542 A.2d 44 (App.Div.1988), aff'd, 115 N.J. 491, 494, 559 A.2d 420 (1989). There the court identified private interest and public interest factors which it held must be considered individually in any case in which forum non conveniens is in issue. Citing the United States Supreme Court's decision in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Appellate Division held:
Although phrased in a variety of ways, the essence of the doctrine is that a court may decline jurisdiction whenever the ends of justice indicate a trial in the forum selected by the plaintiff would be inappropriate. The principle is often invoked to protect the private interests of the litigants, such as availability of witnesses and the ease of access to other sources of proof.
[Semanishin v. Metropolitan Life Ins. Co., 46 N.J. 531, 533, 218 A.2d 401 (1966).]
In general, the private and public interest factors have been distilled over time to include several elements. In summary, the private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the possibility of viewing the premises; and (5) and all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest from having localized controversies decided at home; (3) the interest of having a trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws or the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. Derensis v. Coopers & Lybrand Chartered Accountants, 930 F.Supp. 1003, 1007 (D.N.J.1996), citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The court should make its determination by balancing all of the relevant factors. Neither list is exhaustive, and certain factors may be more or less relevant in particular cases. Derensis v. Coopers & Lybrand Chartered Accountants, supra, 930 F.Supp. at 1007, citing Van Cauwenberghe v. Biard, 486 U.S. 517, 528, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).
There are no decisions of any New Jersey court which either the parties or the court have found which present a fact pattern similar to the one we face here. As an initial proposition, we note that the parties do not contest, nor could they in this case, the threshold issue of jurisdiction over defendant here. In general, that analysis must proceed in advance of any forum non conveniens inquiry. See, e.g., Derensis v. Coopers & Lybrand, supra, 930 F.Supp. at 1006, quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The reason, of course, is simple, for if there is no jurisdiction over the defendant, then there can be no action maintained here regardless of how strong plaintiff's preference for this forum may be. In general, then, the forum non conveniens analysis requires first an analysis of defendants' contacts with plaintiff's chosen forum and whether they suffice to sustain jurisdiction here, and then an analysis of whether an alternative forum exists at all. Obviously, if there is jurisdiction but there is no alternative forum, then the mere inconvenience to any party or indeed, focusing on the public interest factors, the inconvenience and burdens to the local citizenry, become irrelevant; for the litigation cannot be dismissed on forum non conveniens grounds if to do so would be to leave plaintiff with no available forum. Here, neither party seriously contends that this defendant, alleged to be doing business *1006 in numerous states, is not amenable to suit against it in many other jurisdictions.
Having thus determined that there is an alternative available forum, we next must determine how much deference is to be accorded to plaintiff's choice of New Jersey as the forum for this litigation. See Westinghouse Elec. Corp. v. Aetna Cas. & Sur. Co., 227 N.J.Super. 504, 547 A.2d 1167 (Law Div. 1988). Plaintiff's own dispute has no connection with New Jersey save for the fortuity of defendant's corporate headquarters here. The billing practice and the billing disclosures of which he complains are not now and have not in the past been used in contracts entered into with New Jersey customers. At best, he argues that the precise identity of each and every class member is now unknown and that there may be an individual who might be included in this class and who now resides here. Plaintiff argues, however, that notwithstanding the absence of any connection to New Jersey that the choice of forum he made is entitled to great deference, that the people of New Jersey have a great and abiding interest in having disputes involving our corporate citizens decided here, which interests are so overriding that the matter should proceed here.
Defendant does not agree, it argues that the private interest of plaintiff is so minimal when compared to the absence of any public interest in permitting this dispute to continue in New Jersey that the matter must be dismissed. In this context, defendant argues that plaintiff's choice of forum is not entitled to great deference and certainly not to so much deference that it overrides any and all other considerations.
We note first that any plaintiff's choice of forum is, in general, entitled to deference and, as such, will not be overcome unless there is a showing of hardship or an equally compelling reason rising to the level of supporting a finding that plaintiff's choice is demonstrably inappropriate. Civic Southern Factors v. Bonat, 65 N.J. 329, 333, 322 A.2d 436 (1974). Even so, the presumption in favor of plaintiffs choice is only a strong one where plaintiff is a resident who has chosen his home forum. D'Agostino v. Johnson & Johnson, Inc., supra, 225 N.J.Super. at 262, 542 A.2d 44, citing Piper Aircraft Co. v. Reyno, supra, 454 U.S. at 256 n. 24, 102 S.Ct. 252. As our Appellate Division has cautioned, a "non-resident's choice of forum is entitled to substantially less deference." Id. This action, brought by a non-resident and based on contracts used only by non-New Jersey subsidiaries of Bell for non-New Jersey residents thus falls squarely within the D'Agostino court's contemplation of one where "substantially less deference" is to be accorded to plaintiff's choice of forum.
And it is this fact which distinguishes this case from the Garcia action called to our attention by plaintiff. See Garcia v. General Motors Corp., Docket No. L-4394-95 (Super. Ct. Bergen Co., Nov. 11, 1996). That matter, relied upon by plaintiff, is indeed a large class action which will, ultimately, affect many non-resident plaintiffs and defendants. But the propriety of the certification of that class and the propriety of Bergen County as the forum for that action is wholly irrelevant here. The pleading from that case supplied and relied upon by plaintiff on its face makes plain that the named plaintiff in that matter resides in New Jersey. As such, his choice of his home forum is entitled to great deference. That opinion does not stand for any broader proposition. Rather, based upon the Appellate Division's admonition in D'Agostino, Mr. Mandell's choice of New Jersey, to him but a foreign forum, simply is not entitled to substantial deference at all.
The analysis of the private interest factors in this case, apart from the deference to choice of forum factor, does not balance strongly in favor of plaintiff. While there will, of course, be relative ease of access to defendant's documents and personnel here, there will be no access to discovery of any person within the putative plaintiff's class save for the named plaintiff himself, who, as a party, has submitted himself to the jurisdiction of this court and thus must attend here in any event. And respecting availability of compulsory process, it is only by fortuity that any former employee of defendant (and thus non party) whose testimony may be needed would be found within this *1007 jurisdiction. Similarly, to the extent that the litigation proceeds elsewhere, defendant, as a party, will not be able to avoid attendance of its current personnel at proceedings as are properly noticed. As a result, compulsory process is not a significant private interest factor. Unlike the more usual forum non conveniens analysis which often involves an incident or a locale as to which non-parties' testimony might be needed, here the overwhelming majority of the evidence will come from the parties themselves. Thus, overall, the private interest factors do not balance strongly in favor of plaintiff.
Turning to the public interest factors, the nature and complexity of this particular dispute simply does not militate in favor of permitting plaintiffs to proceed here. The purpose of the public interest factors is to look beyond the interests of the specific parties to any dispute and to determine on a broader societal level whether the action should be maintained here. In this regard, it is simply not enough that the plaintiff chooses this forum, it is essential that, looking at the public interest considerations, there be a connection with the forum, a reason why it should in fairness to the citizens of this state be permitted to remain here. In this regard, the public interest factors require the court to analyze the relative congestion of the court dockets here in New Jersey, as opposed to the place where the dispute arose, the fairness of imposing the significant burdens of jury duty on our citizens where the dispute bears no relationship to this community, the local interest in the dispute which may motivate members of the community to desire information or access to the trial of an action which affects them, and the general local interest to be served by having a local controversy decided "at home". See D'Agostino v. Johnson & Johnson, supra, 225 N.J.Super. at 263, 542 A.2d 44. It is in this context plain that the relationship of this dispute to this jurisdiction is both limited and attenuated. In point of fact, the only relationship of this dispute to this jurisdiction is that the parent corporation of the subsidiaries which entered into the contracts with its non-New Jersey subscribers is located here. That fact pervades the public interest analysis and in the end must overshadow the rather minimal private interests of the plaintiff. There is no public reason advanced by plaintiff which supports permitting this enormous and complex matter to proceed here. Our court dockets are crowded with matters of interest to and directly concerning the citizens of our own state. There is no localized controversy to be decided here, since the contracts this corporation used for subscribers in New Jersey are different from and do not contain the language about which plaintiff complains.
There is no New Jersey law to be interpreted here, for properly analyzed the disputes as characterized in the pleadings will be governed by the law of the state of each individual subscriber's residence. Thus, if this does not proceed as a class action, the law of North Carolina will govern much of the dispute. If it does proceed as a class action, potentially numerous subclasses of subscribers, each governed by the law of a different jurisdiction and, significantly, none governed by the law of New Jersey, will likely be created and determined. We note in this regard that plaintiff contends that the contracts contain choice of law provisions pursuant to which contract payment claims by Bell against the subscribers are to be governed by the law of New Jersey and a forum selection clause which gives Bell the option of pursuing litigation over billing disputes here in New Jersey. As a result, plaintiff contends that this court will be more familiar with the law to be applied and that the forum selection clause must be enforced against defendant. We do not agree. First, as plaintiff himself argues, this is hardly a simple billing dispute, it is essentially a consumer fraud claim. It does not follow that the law of New Jersey will be applied to the non-contract elements of the claim. Nor does it follow that Bell's inclusion of an option to pursue any individual billing dispute here should operate to force the citizens of our state to bear the heavy burden of hosting a dispute among thousands of non-residents over contract language not used here on legal theories arising out of the law of other jurisdictions. Finally, the burdens on our citizenry of imposing on them either jury service in this case or use of scarce judicial resources in the service of dispute having no *1008 connection with this state are significant and substantial. See Semanishin v. Metropolitan Life Ins. Co., 46 N.J. 531, 533-34, 218 A.2d 401 (1966) (applying doctrine to protect citizens from burdens of out-of-state controversies). In the end, the balance tips strongly against plaintiff on each and every one of the public interest factors.
In this context we must find that regardless of the amount of deference to be accorded to plaintiff's choice of forum, that choice is demonstrably inappropriate. While we are cognizant of the fact that plaintiff's choice is rarely disturbed, we face here an unusual situation. Here, we do not have a New Jersey resident seeking redress for injuries he suffered at the hands of a foreign corporation; here, we have non-New Jersey residents seeking recovery against the corporate parent of the essentially non-New Jersey subsidiaries with which they did business elsewhere. The analysis of the private and public interest factors and the weighing of those factors required of the court plainly and clearly militates against permitting this overwhelming non-New Jersey dispute to proceed here.
Because we grant the motion to dismiss on ground of forum non conveniens, we do not reach the issue of primary jurisdiction raised as an alternative ground for relief by defendants.