HLD-158 (July 2010)                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2921
_____

IN RE: GEORGE K. TRAMMELL,
                                                    Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 01-cv-00473)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 30, 2010
Before:   MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
Opinion filed October 6, 2010
_____

OPINION
_____

PER CURIAM.

       On July 9, 2001, George K. Trammell filed a petition for removal pursuant

to 28 U.S.C. § 1443, seeking to remove pending state criminal charges from the Delaware

Superior Court.   The United States District Court for the District of Delaware denied

Trammell's petition for removal and dismissed the case pursuant to 28 U.S.C. §

1446(c)(4).[1]  We affirmed the District Court's judgment.  State of Delaware v. Trammell, No. 01-3674 (3d Cir. October 22, 2002).   Trammell now asks that we issue a writ of prohibition ordering the District Court to reinstate his case and remand it to the Delaware state courts.   He also seeks an order enjoining Delaware state officials from interfering with his constitutional rights.

A writ of prohibition is a drastic remedy available only in the most extraordinary of circumstances.   See Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267, 272 (3d Cir. 1962); see also In re School Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1999).[2]   Trammell has not demonstrated that his petition meets the requirements for issuance of the writ.   Not only may a writ of prohibition not be used as a substitute for appeal, Swindell-Dressler, 308 F.2d at 272; see also United States v. Santtini, 963 F.2d 585, 590 (3d Cir. 1992), but Trammell already appealed the District Court's order dismissing his case and we affirmed.   With respect to his request that we enjoin state actors in Delaware from violating his constitutional rights, Trammell has civil remedies available and thus has not established that prohibition relief is warranted.   See School

---

[1]   An order of summary remand under § 1446(c)(4) was unnecessary in this case because Trammell entered a plea of guilty to the state charges before the District Court dismissed his removal petition.

[2]   To the extent that Trammell's request may appear to be more properly construed as a writ of mandamus, it does not affect our ruling.   Between these writs the form is "less important 'than the substantive question [of] whether an extraordinary remedy is available.'" School Asbestos Litig., 921 F.2d at 1313 (citations omitted).

2

Asbestos Litig., 921 F.2d at 1314 (reiterating that a prerequisite to the issuance of a writ is that "the petitioner [must] have no other 'adequate means to attain the desired relief'") (citing <u>Kerr v. United States District Court</u>, 426 U.S. 394, 403 (1976)).

Accordingly, we will deny the petition for writ of prohibition. Trammell's emergency motion is denied.