# United States Court of Appeals for the Federal Circuit

---

**IN RE LINK_A_MEDIA DEVICES CORP.,**
*Petitioner.*

---

Miscellaneous Docket No. 990

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in case no. 10-CV-00869, Judge Sue L. Robinson.

---

**ON PETITION**

---

DEANNE E. MAYNARD, Morrison & Foerster LLP, of Washington, DC, for petitioner. With her on the petition were BRIAN R. MATSUI and ADAM A. ELTOUKHY.; and HAROLD J. MCELHINNY and MARK W. DANIS, of San Francisco, California.

INDRANIL MUKERJI, Fish & Richardson PC, of Washington, DC, for respondent. With him on the response were RUFFIN B. CORDELL and WILLIAM SEKYI; THOMAS L. HALKOWSKI, of Wilmington, Delaware; DAVID BARKAN, of Redwood City, California; and JOHN DRAGSETH, of Minneapolis, Minnesota.

---

Before RADER, *Chief Judge*, DYK and O'MALLEY,
*Circuit Judges*.

PER CURIAM.

# O R D E R

Link_A_Media Devices Corp. (LAMD) seeks a writ of mandamus directing the United States District Court for the District of Delaware to vacate its order denying LAMD's motion to transfer venue, and to direct the Delaware district court to transfer the case to the United States District Court for the Northern District of California. Marvell International Ltd. (Marvell) opposes. LAMD replies. Because the district court abused its discretion in denying LAMD's motion to transfer venue under 28 U.S.C. § 1404(a), this court grants LAMD's petition for a writ of mandamus.

## I.

The petition for writ of mandamus arises out of a suit brought by Bermuda-based Marvell charging LAMD with patent infringement. LAMD is incorporated under the laws of the state of Delaware where this suit was brought in federal district court.

LAMD moved to transfer the case to the Northern District of California, where it maintains its principal place of business, pursuant to 28 U.S.C. § 1404(a). That section authorizes a district court of proper jurisdiction to nonetheless transfer a case "[f]or the convenience of the parties and witnesses, in the interest of justice."

In its motion, LAMD stated that "Delaware had no discernable connection to this case beyond it being LAMD's state of incorporation." *Petitioner's Appendix Materials* at 15-16. LAMD further stated that Marvell is

a holding company, and that a related entity, which is headquartered in the Northern District of California, employs the inventors of the patents-in-suits and presumably houses all of Marvell's relevant documents to this matter. *Id.*

Nearly all of LAMD's 130 employees work in its headquarters in the Northern District of California, and none work in Delaware. LAMD therefore argued that it would be more convenient for the witnesses and the parties to try this case in the Northern District of California. In addition, LAMD asserted that the district court failed to apply some of the factors relevant to a venue consideration.

Marvell responded that its choice of forum should be entitled to substantial deference because it selected Delaware for the legitimate reason that "LAMD is incorporated in Delaware and, thus, cannot claim surprise at being brought into the Delaware courts for litigation." *Id.* at 121. Marvell added that "LAMD is a global company" as opposed to a regional enterprise, and should be expected to defend itself where those products are sold and has the resources to do so. *Id.* at 127.

Agreeing with Marvell, the Delaware district court denied LAMD's motion to transfer. LAMD then filed this petition for a writ of mandamus.

## II.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed. Cir. 1988). In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this

case the Third Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.,* 329 F.3d 823, 836 (Fed. Cir. 2003).

The Third Circuit has held that mandamus may be used to correct an improper transfer order if the petitioner can establish a "clear and indisputable" right to the writ. *See Sunbelt Corp. v. Noble, Denton & Assocs., Inc.,* 5 F.3d 28, 30 (3d Cir. 1993). That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 272 (3d Cir. 1962). We find that this standard is satisfied here.

The Third Circuit has identified various private and public interest factors to be considered in a § 1404 transfer analysis. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In this case, the district court failed to balance those factors fairly and instead elevated two considerations to overriding importance. With respect to private interests, the district court's fundamental error was making Marvell's choice of forum and the fact of LAMD's incorporation in Delaware effectively dispositive of the transfer inquiry. *See Minstar, Inc. v. Laborde*, 626 F. Supp. 142, 146 (D. Del. 1985) ("[T]he mere fact that Delaware is the plaintiffs' choice of forum and . . . the defendants' state of incorporation will not, standing alone, prevent this Court from transferring this suit to another forum." (quoting *Kaiser Indus. Corp. v. Wheeling-Pittsburgh Steel Corp.*, 328 F. Supp. 365, 369 (D. Del. 1971)).

First, the district court placed far too much weight on the plaintiff's choice of forum. To be sure, the Third Circuit places significance on a plaintiff's choice of forum. When a plaintiff brings its charges in a venue that is not its home forum, however, that choice of forum is entitled to less deference. *See generally Sinochem Int'l Co. v.*

*Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (stating that when a plaintiff files a suit outside of its home forum, the presumption that its choice of forum is convenient and appropriate applies with "less force"); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) (stating that when a plaintiff is foreign, the presumption of favor for its choice of forum is "much less reasonable").

Many district courts in the Third Circuit have recognized this distinction. *See, e.g.*, *High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 498-99 (M.D. Pa. 2005) ("[T]he plaintiff's choice is 'entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based.'" (quoting *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1057 (E.D. Pa. 2001)); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (explaining that a plaintiff's choice of forum is entitled to less weight "where the plaintiff has not chosen his or her home forum" and "where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit"); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289 (D. Del. 1986) ("A defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its 'home turf.'").

The court's heavy reliance on the fact that LAMD was incorporated in Delaware was similarly inappropriate. *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527-28 (1947) (explaining that the "[p]lace of corporate domicile in such circumstances might be entitled to little consideration under the doctrine of forum non conveniens, which resists formalization and looks to the realities that make for doing justice."). Neither § 1404 nor *Jumara* list a party's state of incorporation as a factor for a venue inquiry. It is certainly not a dispositive fact in the venue transfer analysis, as the district court in this case seemed to believe.

The district court also refused to consider two of the private interest factors in a Third Circuit venue inquiry: the convenience of the witnesses and the location of the books and records. *Jumara*, 55 F.3d at 879. Rather than analyze the merits of the parties' arguments relating to these factors, the district court stated that these issues are "outdated, irrelevant, and should be given little weight, if any, except for those rare exceptions where truly regional defendants are litigating." *Marvell Int'l Ltd. v. Link_A_Media Devices Corp.*, Case No. 10-cv-869, 2011 WL 2293999, *2 (D. Del. June 8, 2011). While advances in technology may alter the weight given to these factors, it is improper to ignore them entirely.

The district court also erred when it found that consideration of the public interest factors did not favor either forum. *Jumara* lists six public interest factors: (i) the enforceability of the judgment, (ii) practical considerations that could make the trial easy, expeditious, or inexpensive, (iii) court congestion, (iv) the local interest in deciding local controversies at home, (v) the public policies of the fora, and (vi) the familiarity of the trial judge with the applicable state law in diversity cases. 55 F.3d at 879-80.

When reviewing the public interest factors, the district court, again, noted LAMD's incorporation in Delaware. The defendant's state of incorporation, however, should not be dispositive of the public interest analysis. Aside from LAMD's incorporation in Delaware, that forum has no ties to the dispute or to either party. LAMD is headquartered in the Northern District of California, where its relevant witnesses and evidence are located. Marvell is a holding company that is incorporated in Bermuda and has its principal place of business there. The named inventors of the patents-in-suit, moreover, are employed by a Marvell affiliate, Marvell Semiconductor,

Inc., which is headquartered in Santa Clara, California, only three miles from LAMD.

Finally, Marvell argues to this court that the case should remain in Delaware because "the District of Delaware's judges are highly experienced in patent infringement litigation." Answer to Petition for Writ of Mandamus 19. It appears that Marvell is confusing the public interest factor relating to a trial court's familiarity with "applicable state law," *Jumara*, 55 F.3d at 879-80, which is not relevant here. Marvell's claims arise under the federal patent laws, for which there is uniformity nationwide, and which the Northern District of California is equally equipped to address.

We have, by comparison, considered a district court's concurrent litigation involving the same patent to be a relevant consideration, if the court's experience was not tenuous and the cases were co-pending. *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346-47 (Fed. Cir. 2010). Here, the asserted experience is with patent cases generally and not with the patents at issue. There is no evidence, moreover, that the District of Delaware's acknowledged experience in this area translates to speedier resolution of patent cases than occurs in the Northern District of California.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted. The United States District Court for the District of Delaware is directed to vacate its order denying petitioner's motion to transfer venue, and to direct transfer to the United States District Court for the Northern District of California.

FOR THE COURT

December 2, 2011                                     /s/ Jan Horbaly
Date                                                     Jan Horbaly
                                                            Clerk