NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE ALTERA CORPORATION, LATTICE SEMICONDUCTOR CORPORATION, AND XILINX, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 121

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in case no. 10-CV-1065, Judge Leonard P. Stark.

---

## ON PETITION

---

Before LOURIE, SCHALL and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

Petitioners, Altera Corporation, Xilinx, Inc., and Lattice Semiconductor Corporation, seek a writ of mandamus directing the United States District Court for the District of Delaware to transfer this case to the United States District Court for the Northern District of California

pursuant to 28 U.S.C. § 1404(a). Respondents, Intellectual Ventures I and II, oppose. Petitioners reply.

Respondents, Delaware corporations with principal places of business in Bellevue, Washington, are the owners of U.S. Patent Nos. 5,675,808, 6,993,669, 5,687,325, 6,260,087, and 6,272,646, which are generally directed to integrated circuits for use in digital computers and other electronic devices.

In December 2010, respondents filed this patent infringement action in the District of Delaware. The petitioners are three of the defendants in the suit, and like the respondents are Delaware corporations operated from the West Coast. The complaint also named a fourth defendant, Microsemi, which is similarly incorporated in Delaware but maintains its principal operations in Irvine, California.

The complaint predicated venue on 28 U.S.C. § 1400(b), which authorizes jurisdiction over any patent infringement suit where "the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The petitioners did not dispute that respondents were permitted to commence this action in Delaware under § 1400(b). However, in light of the concentration of the parties and witnesses in California and the fact that no party had an office or employee in Delaware, the petitioners moved to transfer the case to the District Court for the Northern District of California pursuant to § 1404(a), which authorizes change of venue "[f]or the convenience of the parties and witnesses, in the interest of justice."

In its order denying the petitioners' motion to transfer, the district court afforded the respondents' choice of forum substantial weight. The court explained that not only was Delaware the respondents' "home" venue, but all

of the parties had availed themselves to "rights, benefits, and obligations that Delaware law affords by incorporating in that state." Although recognizing that the inventors, prosecuting attorneys of the patents-in-suit, and a number of other potential witnesses reside in California, the court concluded that the convenience of those witnesses was entitled to little weight in light of the availability of video depositions and the fact that numerous potential non-party witnesses having knowledge related to the engineering and sales of the accused products appeared to be located closer to Delaware.

Although the decision to deny transfer is not "final" within the meaning of 28 U.S.C. § 1295(a)(1), in applying Third Circuit law in cases arising from district courts in that circuit, we have previously held that this court has jurisdiction to issue a writ of mandamus to correct a denial of transfer, but only to the extent that the trial court's analysis amounted to a clear abuse of discretion. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011); *see also Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 30 (3d Cir. 1993); *Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 272 (3d Cir. 1962).

To be sure, the respondents' status as Delaware corporations is not entitled to controlling weight insofar as no office or employees are located in Delaware. Still, the relevant inquiry is broad enough to include the Delaware court's interest in resolving disputes involving its corporate citizens, as opposed to selection of venue for less legitimate reasons. *See Micron Technology, Inc. v. Rambus Inc.*, 645 F.3d 1311, 1322 (Fed. Cir. 2011) (holding that the parties' willing submission to suit in Delaware by way of incorporation weighs in favor of transfer); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) *(forum non conveniens* doctrine is concerned with preventing the

selection of a forum to vex, harass, forum shop, or inconvenience). Moreover, the decision to deny transfer draws support from the fact that numerous potential non-party witnesses having knowledge related to the engineering and sales of the accused products appear to be located closer to Delaware. In light of these circumstances, a "rational" basis existed for denying transfer of this case, and thus mandamus is inappropriate. *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

Although the circumstances here are in certain respects similar to those in the petition we granted in *Link_A_Media*, that precedent did not go so far as to limit the trial court's discretion to deny transfer in this case. The trial court in *Link_A_Media* disposed of the transfer motion based on the plaintiff's forum preference and the fact that the defendant had incorporated in Delaware. In doing so, the court failed to give any consideration to the fact that transfer would significantly minimize the travel and cost to the identified witnesses and move trial to where the accused products were developed. Because the court viewed those considerations as entirely superfluous, its error there could not have been more clear. On that view, this case is clearly distinguishable; in its thorough opinion, the district court endeavored to evaluate each of the *forum non conveniens* factors in light of the same arguments raised in the petition, and there is no clear indication that the court failed to meaningfully consider the merits of the transfer motion. Moreover, as noted above, in this case, unlike *Link_A_Media*, there are rational grounds for denying transfer given that all of the parties (not just a single defendant) had incorporated in Delaware and some witnesses would potentially find Delaware more convenient.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

__JUL 2 0 2012__                         /s/ Jan Horbaly
         Date                            Jan Horbaly
                                         Clerk

cc:  Gregory A. Castanias, Esq.
     Alan H. Blankenheimer, Esq.
     John M. Desmarais, Esq.
     Clerk, United States District Court for District of
Delaware

FILED
U.S. COURT OF APPEALS FOR
    THE FEDERAL CIRCUIT

JUL 2 0 2012

JAN HORBALY
CLERK