NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

IN RE HTC CORPORATION
AND HTC AMERICA, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 130

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 10-CV-112, Judge Rodney Gilstrap.

---

## ON PETITION

---

Before BRYSON, MOORE and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## ORDER

Petitioners HTC Corporation and HTC America, Inc. seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its order denying their motion to transfer venue, and to direct the court to transfer the case to the United States District Court for the Northern District of California. Mobile Media Ideas ("MMI") opposes the petition.

MMI filed this suit in the Eastern District of Texas against HTC America, Inc., and its parent, HTC Corporation, headquartered in Taiwan. MMI's complaint stated that venue and jurisdiction in the Eastern District of Texas were proper because "[HTC America] is organized under the laws of the State of Texas, and HTC Corporation and [HTC America] transact business in the State of Texas[.]"

The petitioners asked the district court to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), which authorizes transfer "for the convenience of parties and witnesses, in the interest of justice." Urging that the Northern District of California is clearly more convenient for trying the case, the petitioners argued that some of the patent inventors and patent prosecution attorneys reside in California. The petitioners further asserted that they had worked with Google Inc. ("Google") in developing, designing, and manufacturing some of the accused products, and that any of Google's witnesses would reside in Northern California. In addition, the petitioners pointed out that, due to a recent merger between HTC America and another entity incorporated in the state of Washington, HTC America "was no longer a Texas corporation."

The district court denied the motion to transfer. With regard to the sources of proof, the court noted that none of the parties are headquartered in the proposed transferee venue and that the vast majority of the petitioners' physical evidence is located in Taiwan and Washington State. The court further explained that, although discovery was well underway "neither party has subpoenaed Google for any documents or subpoenaed Google for the deposition of any witnesses."

Although the petitioners identified four potential witnesses who resided in California, the court concluded that the convenience of the witnesses did not weigh either in favor of or against transfer in light of the presence of some witnesses in Texas and the fact that the vast majority of third party witnesses reside in Europe and Asia. The court recognized that the fact that the Northern District of California had subpoena power over some witnesses slightly favored transfer, as did the local interest factor since some of the inventors reside in that venue. Because HTC America had operations in Texas and Texas was its home state at the time of filing the suit, however, the court stated that MMI had a legitimate basis for filing suit in the Eastern District of Texas. The court therefore concluded that the petitioners had not met their burden of demonstrating that the Northern District of California was clearly more convenient than the Eastern District of Texas for trial of the case, and it denied the motion to transfer.

This petition for a writ of mandamus followed.

The petitioners call our attention to cases in which this court has observed that the presence of a larger number of witnesses and parties in the transferee venue is an important consideration in a § 1404(a) analysis and that trial courts may not solely rely on ephemeral contacts with a state, such as a party's state of incorporation when disposing of a transfer motion. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2010); *In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010); *In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA, Inc.*, 551 F.3d 1315 (Fed. Cir. 2008); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

While that is true, such general observations do not definitively resolve the issue, for we have exercised this extraordinary remedy to reach only those circumstances where the district court blatantly deviated from those principles. *See, e.g., In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) (denying mandamus even though the transfer venue was more convenient); *see also Link_A_Media*, 662 F.3d at 1223 (stating that the standard for granting mandamus in a transfer case was "an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion").

We think this is not such a case. When measured against *Acer, Nintendo, Microsoft, Genentech, TS Tech,* and *Volkswagen,* the petitioners here have not shown a clear abuse of discretion by the district court in denying the motion to transfer, particularly in light of the fact that none of the parties are headquartered in the transferee venue. Nor is it as if the petitioners are attempting to move the case to a venue where the vast majority of witnesses are located, for most reside outside the United States. Although the petitioners point out that Google is headquartered in the Northern District of California and is relevant to the design and manufacture of the accused products, there is at least some indication that Google will have little or no role in the litigation, as Google has not been subpoenaed for the production of documents and none of its employees have been subpoenaed for deposition.

As for the petitioners' contention that the trial court gave too much weight to HTC America's decision to move its state of incorporation from Texas to the state of Washington before moving for transfer, we do not discern a clear abuse of discretion in the trial court's analysis. Notably, the petitioners decided to withhold information

concerning its relocation and operations in Texas, and as such, the uncertainty surrounding their actions is in some respects attributable to the petitioners themselves. Moreover, the district court's analysis made clear that its decision to deny transfer was largely due to the petitioners' failure to establish that the transferee venue was clearly more convenient, rather than giving HTC America's actions with regard to its state of corporation dispositive consideration.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

SEP 2 0 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Yar R. Chaikovsky, Esq.
     Paul A. Bondor, Esq.
     Clerk, United States District Court for Eastern District of Texas

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 2 0 2012

JAN HORBALY
CLERK