NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MEDICAL COMPONENTS, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 148

---

On Petition for Writ of Mandamus to the United States District Court for the District of Utah in No. 12-CV-0032, Judge Robert J. Shelby.

---

**ON PETITION**

---

Before RADER, *Chief Judge*, BRYSON, and WALLACH, *Circuit Judges*.

BRYSON, *Circuit Judge*.

**O R D E R**

Medical Components, Inc. (Medcomp) seeks a writ of mandamus directing the district court to vacate the portion of its order staying proceedings involving its counterclaim for patent infringement, or alternatively, an order directing the district court to dismiss the claim without prejudice. C.R. Bard, Inc. (Bard) opposes the petition.

## I.

Medcomp and Bard are competitors in the medical device industry.  Each holds patents on implantable access ports that permit the infusion of medicine or fluids throughout the body; Bard owns U.S. Patent Nos. 7,947,022 (the '022 patent), 7,785,302 (the '302 patent), and 7,959,615 (the '615 patent); and Medcomp owns U.S. Patent No. 8,021, 324 (the '324 patent).

In January 2012, Bard filed the underlying action, alleging that Medcomp had infringed the '022, '302, and '615 patents.  Medcomp counterclaimed against Bard for infringement of its own '324 patent.

In August 2012, a third party requested that the Patent and Trademark Office (PTO) conduct a reexamination of Bard's patents, prompting the district court to temporarily stay proceeding in the instant case. The PTO subsequently determined that the request raised a substantial new question concerning the patentability of Bard's patents and began a reexamination.

Shortly after the PTO issued initial office actions rejecting a number of Bard's claims, Medcomp moved the district court to continue the stay as to Bard's claims, but to allow Medcomp's counterclaim of patent infringement to proceed.  In response, Bard argued that the full case should be stayed pending reexamination, noting that the prior art asserted against both patents "will be extremely similar, if not identical," and that "the claim construction and discovery issues relevant to Medcomp's counterclaims will substantially overlap with those for Bard's claims."

The motion was referred to a magistrate judge, who agreed with Bard that the entire case should be stayed. The magistrate's December 2012 order noted that Medcomp "acknowledged the relatedness of its patent to the Bard patents by listing them as prior art to the Medcomp patent-in-suit . . . . [And that] all of the patents at issue

3                                    IN RE MEDICAL COMPONENTS, INC.

here share similar claim terms and similar prior art." The order further explained that "the USPTO's actions concerning the Bard patents-in-suit may narrow issues relevant to Medcomp's counterclaim."

The district court sustained the magistrate judge's stay ruling over Medcomp's objections. The court further denied Medcomp's alternative request to dismiss the counterclaim without prejudice, noting that  Medcomp "is seeking an end run around the stay and the court is not inclined to encourage such forum shopping."

Medcomp then filed this petition for a writ of mandamus, asserting jurisdiction under 28 U.S.C. § 1651.

## II.

## A.

Medcomp first takes issue with the portion of the district court's order staying its counterclaim pending the PTO reexamination proceedings involving Bard's patents. The decision to stay litigation is one committed to the sound discretion of the trial court. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *see also Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936).

Importantly, on mandamus review our role is not to second-guess the trial court's decision to stay; instead, we look only to see whether a "rational and substantive legal argument can be made in support of the rule in question[.]" *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985); *see also Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (mandamus is appropriate only if there is a "clear abuse of discretion").

When measured against this exacting standard, the petitioners have not shown entitlement to relief. It is well settled that district courts have "inherent" authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

IN RE MEDICAL COMPONENTS, INC.                                        4

litigants." *Landis*, 299 U.S. at 254.  Here, there is at least a plausible argument that can be made in light of the similarity of the prior art and technology that a stay of the entire matter could be more efficient than allowing the counterclaim alone now to go forward.

Citing *Landis*, Medcomp argues that the district court applied an incorrect legal standard by failing to require Bard to demonstrate a "clear case of hardship or inequity" before staying the litigation involving its counterclaim. 299 U.S. at 255.  The Third Circuit has rejected this understanding of *Landis*, *see Commonwealth Insurance Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988), and so do we.  *Landis* held that under circumstances where a litigant would be "compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," the movant must "make out a clear case of hardship or inequity[.]"  299 U.S. at 255.  In this case, however, it is without dispute that the PTO reexamination proceedings of Bard's patents will not decide the rights at issue in Medcomp's counterclaim.

Nor can we say that the district court failed to give consideration to Medcomp's interest in timely pursuing its infringement claim.  In addressing the comparative harms, the magistrate concluded that Medcomp had "presented no evidence that a stay of its counterclaim would cause it harm that Bard could not compensate it for, either practically or theoretically."  Although a stay of proceedings is made more complicated by the fact that Medcomp's complaint seeks injunctive relief, we are satisfied that the district court considered all relevant interests, and would presumably reconsider the matter if sufficient evidence warranting temporary injunctive relief were presented.

B.

Medcomp alternatively seeks mandamus to direct the district court to dismiss its counterclaim without prejudice under Fed. R. Civ. P. 41(a)(2). The decision to deny a party's motion for voluntary dismissal is committed to the discretion of the trial court. *See Minnesota Mining & Mfg. Co. v. Barr Labs., Inc.*, 289 F.3d 775, 779 (Fed. Cir. 2002); *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). Medcomp argues that the district court clearly abused that discretion by withholding relief absent a finding of prejudice to Bard.

In response to Medcomp's motion for voluntary dismissal, Bard pointed out that it had already expended significant time, money, and resources in responding to the counterclaim, engaging in motions practice, conducting discovery and preparing for claim construction, and could be forced to bear the additional costs associated with participating in multiple litigations if the motion for voluntary dismissal was granted. Bard further pointed out that it would be a significant waste of resources to try these claims separately given the amount of overlap in evidence and issues. Because these arguments could rationally support a finding of legal prejudice to Bard sufficient to deny Medcomp's motion for voluntary dismissal, *see Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997), we are not prepared to say that Medcomp has met the exacting standard necessary to grant this extraordinary relief.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

IN RE MEDICAL COMPONENTS, INC.                                    6

                        FOR THE COURT


                        <u>/s/ Daniel E. O'Toole</u>
                        Daniel E. O'Toole
                        Clerk

s26