NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  COREL SOFTWARE LLC,**
*Petitioner*

---

2019-124

---

On Petition for Writ of Mandamus to the United States District Court for the District of Utah in No. 2:15-cv-00528-JNP-PMW, Judge Jill N. Parrish.

---

**ON PETITION**

---

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges*.

PER CURIAM.

## O R D E R

Corel Software, LLC, petitions for a writ of mandamus directing the United States District Court for the District of Utah to vacate its order staying this patent infringement litigation.  Microsoft Corporation opposes.

In July 2015, Corel brought this action against Microsoft alleging infringement of certain claims of U.S. Patent Nos. 6,731,309 ("the '309 patent"); 7,827,483 ("the '483 patent"); and 8,700,996 ("the '996 patent").  In May 2016, Microsoft filed several petitions in the United States Patent and Trademark Office ("PTO") seeking *inter partes*

review of the asserted claims of the '483 and '996 patents, and in June 2016, Microsoft filed a petition for *inter partes* review of the asserted claims of the '309 patent.  Microsoft asked the court to stay the district court litigation, and in August 2016, the court stayed the court proceedings pending the resolution of Microsoft's petitions for *inter partes* review.

The PTO instituted *inter partes* review of the '996 patent, after which Corel cancelled all of the then-asserted claims of that patent.  The PTO, however, declined to institute *inter partes* review on the other two patents.  With respect to the '309 patent, the PTO declined to institute *inter partes* review after concluding that Microsoft had failed to show that a certain reference qualified as prior art.  Subsequently, Microsoft sought and obtained *ex parte* reexamination of the '309 patent, and the examiner cancelled the only asserted independent claim of that patent based on additional evidence of the public availability of the prior art reference in question.  The patentability of the other two asserted claims of the '309 patent was confirmed.[*]

After the completion of those post-grant review proceedings, the district court in June 2018 lifted the stay of the district court litigation.  In November 2018, the district court granted Corel's motion to amend its infringement contentions to add two additional claims from the '996 patent that were not initially asserted in the litigation and were not challenged in the PTO's post-grant review proceedings.  In February 2019, Microsoft sought *ex parte*

---

[*] Corel initially moved to lift the stay and to amend its infringement contentions in February 2017 after all of the *inter partes* review proceedings had been completed but before institution of the *ex parte* reexamination of the '309 patent.  In May 2017, the district court declined to lift the stay until after the PTO completed its review of the '309 patent.

reexamination of those two newly asserted claims and moved the district court for a second stay of the litigation. In April 2019, the PTO initiated reexamination proceedings with regard to the newly asserted claims of the '996 patent.

On May 14, 2019, a magistrate judge who was assigned to the case entered an order granting Microsoft's motion to stay the litigation. The magistrate judge considered the traditional factors used to analyze stay motions. *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). First, the magistrate judge concluded that the reexamination proceeding "has at least the potential to simplify the issues in this case" and that not granting a stay could ultimately "require reconsideration of certain issues[] and result in piecemeal litigation."

Next, the magistrate judge considered the status of the litigation. He acknowledged that after the stay was lifted in June 2018 "the parties have moved this case forward to some degree." He noted, however, that "substantial proceedings" in the case had yet to be completed and that no trial date had yet been set. He therefore found that the posture of the case weighed in favor of a stay.

Finally, the magistrate judge concluded that Corel had not shown that it would be unduly prejudiced by a stay, a conclusion that was supported by the fact that Corel had not sought injunctive relief in the case. The magistrate judge also rejected Corel's assertion that Microsoft was attempting to gain a tactical advantage by seeking a stay; he noted that "Microsoft filed its reexamination request soon after receiving Corel's amended final infringement contentions and before serving its final invalidity contentions," and that "it does not appear that Microsoft had any reason to [challenge the two claims of the '996 patent] until November 2018, when the court granted Corel's request for leave to amend its infringement contentions to assert those claims."

Corel filed an objection to the magistrate judge's order. On June 3, 2019, the district court overruled Corel's objection, finding that the magistrate judge's order was neither clearly erroneous nor contrary to law.  On June 28, 2019, the PTO examiner issued a first office action rejecting the two claims of the '996 patent that were in reexamination. A week later, Corel filed this petition for mandamus to compel the district court to lift the stay of the district court litigation.

In seeking mandamus relief, Corel argues that the district court failed to "account[] for the prejudice imposed by the serial nature of Microsoft's challenges and the resulting serial delays."  As a result, Corel argues, the district court effectively imposed "an indefinite stay of litigation, subject to the discretion of the accused infringer to file serial challenges to the patents-in-suit in the USPTO."

A decision to stay litigation is committed to the sound discretion of the trial court.  *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "Importantly, on mandamus review our role is not to second-guess the trial court's decision to stay[.]"  *In re Med. Components, Inc.*, 535 F. App'x 916, 918 (Fed. Cir. 2013).  Instead, we look only to see whether the decision amounted to a "clear abuse of discretion."  *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).  Corel has not shown such an abuse here.

The district court's ruling cannot be characterized as amounting to "a failure to meaningfully consider" the traditional stay factors.  *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011).  Nor is this a situation in which Microsoft has "abuse[d] the reexamination process."  *See Harris Corp. v. Ruckus Wireless, Inc.*, No. 11-cv-618, slip op. at 4 (M.D. Fla. Oct. 2, 2014).  The first stay resulted in the cancellation of all of the pending claims of the '996 patent and, subsequently, the sole asserted independent claim of the '309 patent.  After the stay

was lifted, the district court permitted Corel to add two new claims from the '996 patent, and Microsoft promptly sought reexamination of those claims and a further stay of the litigation.  Although Corel contends that Microsoft should have challenged the two new claims when it announced its intention to add them to the litigation, rather than waiting until the district court granted Corel's motion to add those claims to the case, the magistrate judge found that Microsoft had no reason to challenge those claims until the court granted Corel's request for leave to amend its infringement contentions in November 2018.  The court's conclusion in that regard was not unreasonable.

Nor does Microsoft's conduct, taken as a whole, amount to a request for an indefinite stay, as Corel contends.  The initial stay pending the *inter partes* review proceedings was reasonable in light of the prospect of simplifying the district court litigation.  The court also acted reasonably in denying Corel's request to lift the stay during the period that the reexamination of the '309 patent was pending.  The district court lifted the initial stay in this case after the completion of the PTO's proceedings regarding the three asserted patents, and reinstated the stay only after Corel sought to add the two new claims from the '996 patent to the case.  Corel presumably could have asserted those claims at the outset of the litigation, but did not.  Moreover, the reinstated stay has been in place for only a few months.  The PTO examiner conducting the reexamination stated that the examination would be expedited, and in fact the examiner has already entered an office action rejecting the two challenged claims.  Under these circumstances, Corel's contention that the district court's stay order is an invitation for Microsoft to postpone the litigation indefinitely is not persuasive.  The district court committed no clear abuse of discretion in granting the stay.

Accordingly,

IT IS ORDERED THAT:

6                                                    IN RE:  COREL SOFTWARE LLC

The petition is denied.

FOR THE COURT

August 1, 2019                /s/ Peter R. Marksteiner
Date                         Peter R. Marksteiner
                             Clerk of Court

s32