NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **AMPEREX TECHNOLOGY LIMITED,**
*Petitioner*

2022-105

On Petition for Writ of Mandamus to the United States District Court for the District of New Jersey in No. 2:21-cv-08461-KM-ESK, Judge Kevin McNulty.

## ON PETITION

Before LOURIE, PROST, and TARANTO, *Circuit Judges*.

PER CURIAM.

## O R D E R

Amperex Technology Limited ("ATL") seeks mandamus relief from the September 27, 2021 order of the United States District Court for the District of New Jersey transferring its complaint to the United States District Court for the Western District of Texas. We deny ATL's petition.

## BACKGROUND

Maxell, Ltd. and Maxell Holdings, Ltd. (collectively, "Maxell")[1] own the patents-at-issue in this case. Effective March 26, 2020, Maxell entered into a non-disclosure agreement with ATL for purposes of discussing a license to Maxell's lithium-ion battery patent portfolio. Relevant here, that agreement included a "litigation standstill" clause, in which the parties agreed not to initiate any legal actions against each other for one year.

Just as the one-year period was ending with no agreement having been reached, Maxell sent a letter to ATL, stating that it remained "willing to resolve this matter amicably and to grant ATL a license" but if "Maxell and ATL are not able to enter into a licensing agreement by Friday, April 9, 2021, Maxell will be left with no choice but to pursue litigation." Appx0002. After discussions between Maxell's and ATL's counsel, Maxell wrote to ATL on April 5, 2021 by email that it was open to having another meeting and requested that ATL "provide the materials ATL planned to present." Appx0003.

The evening of the next day, April 6, 2021, ATL sent an email to Maxell, stating that it would "be in touch as soon as [it] can get the materials." *Id.* A few hours later on the same day, ATL brought the present action in the District of New Jersey seeking a declaratory judgment of noninfringement of Maxell's patents. Two days later, on April 8, 2021, Maxell sued ATL in the Western District of Texas, accusing the same products identified in the declaratory judgment complaint of infringing the same patents.

Maxell moved the New Jersey court either to decline jurisdiction over ATL's declaratory judgment action or to transfer ATL's action to the Western District of Texas

---

[1]    The Maxell entities have since merged, and the sole respondent is now Maxell, Ltd.

pursuant to 28 U.S.C. § 1404(a).  Maxell's motion principally argued that ATL had brought its action in New Jersey in bad faith and in anticipation of Maxell's action. Maxell invoked considerations relevant to departing from the first-to-file rule as well as the usual § 1404(a) factors.

On September 27, 2021, the New Jersey district court granted Maxell's transfer request.  The court recognized that proceeding with a mirror image first-filed declaratory action is generally preferred over a second-filed patent infringement action, but the court concluded that "considerations of judicial and litigant economy, and the just and effective disposition of disputes require that I depart from the first-to-file rule." Appx0014 (internal quotation marks and citation omitted).  The court rested that determination in part on its finding that Maxell's action was filed upon "receipt of specific, concrete indications" that a patent infringement suit by Maxell was "imminent." Appx0010 (internal quotation marks and citation omitted).

Based on its first-to-file analysis, the district court determined that there would be a sufficient basis to decline declaratory judgment jurisdiction.  Nonetheless, the court chose not to dismiss the complaint, concluding that "it is in the best interests of justice to transfer this case to the Western District of Texas[.]" Appx0016.  The court reasoned that ATL's choice of forum was not entitled to significant weight, not only because it was anticipatory, but also because both parties were foreign corporations and New Jersey had no particular connection to the infringement claims.  The court added that "the Texas case has already advanced farther than this case and thus will likely be resolved more expeditiously." *Id.*  This petition followed.

## DISCUSSION

The legal standard for mandamus is demanding.  ATL must show, among other things, that it has a clear and indisputable legal right to the relief it seeks.  *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).  We

review transfer determinations under applicable regional circuit law, here the law of the Third Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In the Third Circuit, transfer involving the first-to-file rule, if reviewed on appeal after a final judgment, is a matter of discretion. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016). On mandamus, we ask whether the transfer ruling was a clear abuse of discretion. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222 (Fed. Cir. 2011); *see also Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 30 (3d Cir. 1993); *Swindell–Dressler Corp. v. Dumbauld*, 308 F.2d 267, 272 (3d Cir. 1962). ATL has not made such a showing in this case.

ATL has not shown a right under the first-to-file rule to prevent transfer of this case. In cases cited by ATL itself, we have recognized that the first-to-file rule is not absolute, that a declaratory judgment action in particular may even be dismissed though filed first, and that a "court may consider whether a party intended to preempt another's infringement suit when ruling on the dismissal of a declaratory action." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347–48 (Fed. Cir. 2005) (citing *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995)). That approach accords with conclusions reached by us in transfer cases, *see In re XConnect, LLC*, No. 2021-192, 2021 WL 5230758, at *2 (Fed. Cir. Nov. 10, 2021), and by the Third Circuit in discussing the first-to-file rule and possible courses of action (including transfer or enjoining concurrent litigation) upon determining whether the rule should be applied, *see EEOC v. Univ. of Pa.*, 850 F.2d 969, 971–72 (3d Cir. 1988) (holding that the court did not abuse its discretion by declining to dismiss the second-filed suit when the timing of the first suit indicated an attempt to preempt the imminent second suit); *Chavez*, 836 F.3d at 210, 216–21. *See also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990).

Here, the district court made a reasonable finding that ATL's suit was anticipatory, given the sequence of communications briefly summarized above. And that finding does not stand alone. *See Coyle*, 394 F.3d at 1347–48. The court also found that other considerations added to the reasons to depart from the first-to-file rule here. In particular, the court found that ATL feigned cooperation and interfered with the ongoing negotiations, that no evidence, party, or witness is in New Jersey, that ATL had not effectively served Maxell in the New Jersey action while Maxell had effectively served ATL in the mirror-image Texas action, that the two actions could be consolidated, and that the Texas action was further along in resolving the dispute between the parties. ATL has not shown a clear right to relief from those determinations, which suffice to establish a plausible basis for the district court's decision here to depart from the first-to-rule rule.

We also see no basis to disturb the district court's transfer ruling under section 1404(a). That conclusion has not been shown to be an abuse of discretion. ATL's petition limits its challenge to the district court's analysis of the convenience considerations under the first-to-file rule. ATL raised no issue about the district court's separate evaluation of the applicable transfer factors until its reply brief. "An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal" may properly be held forfeited. *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999); *see also In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (applying rule to mandamus petitions). We so hold here.

Accordingly,

IT IS ORDERED THAT:

ATL's mandamus petition is denied.

FOR THE COURT

January 14, 2022                    /s/ Peter R. Marksteiner
      Date                          Peter R. Marksteiner
                                    Clerk of Court